**Horacio Munoz TENA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 08–74714.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2012.

Filed Dec. 26, 2012.

Carlos Ramirez, Esquire, Law Office of Noemi G. Ramirez, Los Angeles, CA, for Petitioner.

OIL, Manuel Palau, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, CAS–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

---

Before: WARDLAW, BEA, and N.R. SMITH, Circuit Judges.

## MEMORANDUM *

Horacio Munoz Tena, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision ordering him removed for alien smuggling. *See* 8 U.S.C. § 1182(a)(6)(E)(i). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Assuming that Munoz's testimony was credible, immigration officers' threats that Munoz would be deported or imprisoned if he did not admit the charges were coercive, and his inculpatory statements should have been excluded. *Bong Youn Choy v. Barber,* 279 F.2d 642, 647 (9th Cir.1960) (suppressing as involuntary an alien's statement "obtained by the government by inducing fear through official threats of prosecution"). Nevertheless, substantial evidence supports the agency's alternative holding that Munoz is removable due to alien smuggling even excluding any reliance upon his coerced statements. The record reflects that Munoz's wife admitted that Munoz helped her plan and execute the smuggling attempt. This evidence is sufficient to establish the elements of Munoz's smuggling charge. *See* 8 U.S.C. § 1182(a)(6)(E)(i); *Aguilar Gonzalez v. Mukasey,* 534 F.3d 1204, 1208–09 (9th Cir. 2008).

**PETITION DENIED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.